# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 94-KP-00931-SCT

*CODA L. VICE A/K/A CODA LLOYD VICE*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/12/94 |
| TRIAL JUDGE: | HON. JAMES W. BACKSTROM |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CODA L. VICE, PRO SE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  CHARLES W. MARIS JR. |
| DISTRICT ATTORNEY: | NA |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 8/8/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/29/96 |

**BEFORE DAN LEE, C.J., McRAE AND SMITH, JJ.**

**McRAE, JUSTICE, FOR THE COURT:**

¶1. In this petition for post-conviction relief, filed January 30, 1995, Coda L. Vice appeals a July 12, 1994 order of the Jackson County Circuit Court denying his Petition for Writ of Habeas Corpus, treated by that court as a petition for post-conviction relief. Vice, who is serving time in federal prison on both state and federal charges, contends that the trial court erred in not granting his petition wherein he asserted that in twice denying him parole, the State of Mississippi Parole Board acted in violation of his plea bargain agreement with federal and state authorities. Because the evidence in the record does not support Vice's assertions, we affirm the decision of the circuit court to deny his motion for post-conviction relief.

## I.

¶2. On August 13, 1980, Vice was convicted of murder by a jury of the Jackson County Circuit Court and sentenced to life in prison. He then entered a guilty plea on September 4, 1980 in the United States District Court for the Southern District of Mississippi to four counts of conspiracy and receiving and concealing stolen motor vehicles in violation of 18 U.S.C. §§ 371 and 2313. On Count 1, he was sentenced to a five year sentence to run consecutively with the life sentence. Sentencing on

the remaining three federal counts was delayed until September 9, 1981, when Vice was sentenced to serve five years each on Counts 2, 3 and 4, to run concurrently with the sentence on Count 1 and consecutively with the life sentence. On January 23, 1981, Vice pled guilty to eleven counts of receiving stolen property in the Jackson County Circuit Court. He was sentenced to serve five years on each count, to run concurrently with Count I of the federal charges and consecutively with the life sentence.

¶3. At the Change of Plea and Sentencing hearing held on September 4, 1980 in the United States District Court, it was announced that if Vice were to plead guilty, the United States Attorney would recommend a five year sentence on Count 1 of the federal charges "to run consecutive, that is, in addition to the life sentence imposed by the Circuit Court" on the murder conviction. The U.S. Attorney further recommended that sentencing be delayed on the remaining three counts since Vice and his attorney had been advised that if he were to co-operate fully with state and federal authorities, the Government would recommend that the five year sentences on Counts 2 and 3 be served concurrently with the sentence on Count 1, and further, on Count 4, that the maximum term of five years be suspended and that Vice be placed on five years "active reporting probation" after release from the federal sentences **and** the state murder conviction. In response to Vice's questions about how the sentences would be served, Judge Dan Russell then explained that the federal sentence:

> . . . will not start to run until you have finished the service of your term with the State. It's to run consecutive, not concurrent. Let's have that clearly understood. That is the recommendation that has been made. That is to run consecutive **after** you have served the term you have been sentenced to in the Jackson County Court, Cause Number 9611, August 13, 1980.

¶4. Pursuant to the plea agreement, Vice is serving his murder sentence as well as his federal sentences in federal prison outside the State of Mississippi. He was denied parole by the Mississippi State Parole Board in 1991 and 1993.

¶5. On July 9, 1987, the Agreed Findings and Order in response to Vice's November 12, 1984 Motion to Vacate Federal Sentence were entered, stating that Vice's concurrent five year state and federal sentences "shall be served and completed before the commencement, or recommencement if interrupted, of his life imprisonment sentences in Jackson County, Mississippi . . ." The federal district court judge further found that:

> This order shall in no way terminate or release Vice from his obligation to serve the state life sentence in Jackson County, Mississippi, Circuit Court number 9611, the five (5) year sentence imposed by this Court in criminal number S79-00013(R) nor the other federal or state sentences ordered to run concurrent with the sentence in criminal number S79-00013(R) *nor shall it affect the discretion of the responsible federal and state authorities determining parole policy.* (Emphasis added).

The federal court then entered a Memorandum Order on February 22, 1993, denying Vice's Motion to Vacate, Set Aside or Correct Sentence on grounds that since the sentence at issue was based on a state court conviction, state remedies first be exhausted before seeking relief in federal court.

¶6. Vice filed his Petition for Writ of Habeas Corpus in the Circuit Court of Jackson County,

Mississippi on February 2, 1994. In his Supplement to the Petition for Writ of Habeas Corpus, he charged that the Parole Board had denied him of his liberty by refusing to honor the plea agreement and by keeping him incarcerated for three years after the date he first contends he was eligible for parole. He sought specific performance of that agreement. Finding that a prisoner has no liberty interest in parole and that Miss. Code Ann. § 47-7-3 (1972) leaves matters of parole wholly within the discretion of the Parole Board, the circuit court denied and dismissed Vice's Petition for Writ of Habeas Corpus.

II.

¶7. Vice contends that pursuant to the terms of the plea agreement, he was to be paroled from the State sentences upon eligibility for parole. He further alleges that he was to be released to federal parole authorities for supervision and placed in a federal witness protection program. By twice denying him parole and in 1993, delaying for another three years his opportunity to seek parole, Vice asserts that the State Parole Board violated the arrangement. Thus, he seeks enforcement of the plea agreement as he perceives it. The State, on the other hand, argues that Vice's assertion that he was "promised" parole upon eligibility therefore is patently unbelievable and contrary to the evidence and the law.

¶8. The record is devoid of any support for Vice's proposition that he was *promised* parole at the moment he first became eligible. Nothing in the Plea Change and Sentencing Hearing transcript suggests that such a promise was made. To the contrary, the subject of parole is not raised in the judge's colloquy with Vice, wherein the terms of the plea bargain agreement are explained and clarified. The affidavits of the District Attorney and the U.S. Attorney likewise speak contrary to Vice's assertions. Attorney General Mike Moore, then District Attorney for the Nineteenth Circuit Court District, swore in his June 20, 1994 affidavit :

> 4. That at no time during these plea negotiations did I make any representations, nor any promise to the defendant Coda Lloyd Vice, or his attorney, that he would be paroled at the time of his first or any subsequent parole hearing.

George Phillips, United States District Attorney for the Southern District of Mississippi, likewise swore in his affidavit that:

> 6. During the course of plea negotiations with Coda Lloyd Vice, the negotiators for this office and the District Attorney's Office explained to him that he would be subject to parole on the state sentence. However, none of the negotiators ever promised Coda Lloyd Vice that he would obtain parole at any particular time. Rather, he was told only that the Parole Board would be made aware of the nature and extent of Vice's cooperation with the government at the time of his eligibility for parole.

> 7. I have in fact made the Parole Board aware on several occasions of the nature and extent of Coda Lloyd Vice's cooperation with government authorities. Despite that information, the Parole Board has chosen not to grant parole to Mr. Vice, and he has been told that this office has no control over what the Parole Board determines in his case.

¶9. The Federal District Court's 1987 Agreed Findings and Order, to which Vice and his attorney

agreed and gave their approval, entered long before Vice first sought parole, also provided:

> This order shall in no way terminate or release Vice from his obligation to serve the state life sentence in Jackson County, Mississippi, Circuit Court number 9611, the five (5) year sentence imposed by this Court in criminal number S79-00013(R) nor the other federal or state sentences ordered to run concurrent with the sentence in criminal number S79-00013(R) *nor shall it affect the discretion of the responsible federal and state authorities determining parole policy.* (Emphasis added).

¶10. Even assuming *arguendo* there was some evidence in the record to support Vice's assertion that he was "promised" parole, there is no basis in law for his argument that the Parole Board "violated" the plea agreement by not granting him parole in 1991 or 1993. Miss. Code Ann. § 47-7-3, coupled with § 47-7-17, place matters of parole within the discretion of the Parole Board. The United States Supreme Court, in ***Greenholtz v. Nebraska Penal Inmates,*** 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), held that while maintenance of a parole system does not, in and of itself, create a protected interest in parole, one exists only where mandatory language creates a presumption of entitlement to parole once certain objective criteria are met. However, because the Mississippi parole statutes contain no such mandatory language, employing the permissive "may" rather than "shall," prisoners have "no constitutionally recognized liberty interest" in parole. ***Smith v. State,*** 580 So. 2d 1221, 1225-1226 (Miss. 1991); ***Harden v. State***, 547 So. 2d 1150, 1151-1152 (Miss. 1989). ***See also Scales v. Mississippi State Parole Board***, 831 F.2d 565 (5th Cir. 1987).

### III.

¶11. There is no evidence in the record to support Vice's assertion that he was "promised" parole as part of his plea bargain agreement with state and federal authorities. Moreover, since the Mississippi parole statutes place parole determination within the discretion of the Parole Board and provide that prisoners "may" become eligible for parole, there is no protected liberty interest at stake. Accordingly, we affirm the circuit court's order denying Vice's petition for post-conviction relief.

¶12. **LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, ROBERTS AND SMITH, JJ., CONCUR. MILLS, J., CONCURS IN RESULT ONLY.**