## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 97-CP-01202-SCT

*DONALD E. SMITH*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/13/97 |
| TRIAL JUDGE: | HON. GRAY EVANS |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEIRDRE McCRORY |
| DISTRICT ATTORNEY: | FRANK CARLTON |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/10/98 |
| MOTION FOR REHEARING FILED: | 12/23/98 |
| MANDATE ISSUED: | 4/12/99 |

**BEFORE SULLIVAN, P.J., BANKS AND ROBERTS, JJ.**

**ROBERTS, JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

¶1. On July 11, 1973, the Circuit Court of Forrest County accepted Donald E. Smith's plea of guilty to a charge of murder and sentenced Smith to a term of life imprisonment. On June 20, 1997, Smith filed a petition for post-conviction relief in the Circuit Court of Sunflower County, asserting that he should have been sentenced to a term "reasonably less than life." Noting that the petition was "frivolous", the trial court summarily denied it on June 25, 1997. The record contains another order, entered July 2, 1997, in which the circuit court dismissed the petition with the finding that Smith's claim was "preposterous and frivolous" in view of the fact that there is but one sentence for murder and that is life. A subsequent Motion for Reconsideration also was summarily denied on August 15, 1997. This appeal followed alleging the following issue:

> **I. WHETHER THE TRIAL COURT WAS WITHOUT THE AUTHORITY OF LAW TO IMPOSE A LIFE SENTENCE AS THE STATUTE WAS WRITTEN AT THE TIME OF**

### SMITH'S CONVICTION AND SENTENCE?

### <u>DISCUSSION OF THE ISSUES</u>

¶2. Smith states that on July 11, 1973, he pled guilty to murder under Section 2217, Miss. Code of 1942. Section 2217 provided the penalty for murder in 1973, but on June 29, 1972, Smith claims that the U.S. Supreme Court declared this statute unconstitutional by way of the decision in *Furman v. Georgia*, 408 U.S. 238 (1972). Smith alleges that the penalty for murder in 1973 was not set by statute until 1974--Senate Bill No. 2341.

¶3. Smith claims that Section 2562 should have been utilized in his sentencing because Section 2217 had been declared unconstitutional by the *Furman* decision and therefore, was unenforceable. Section 2562 set out that crimes for which no penalty had been provided would be punishable by a fine of not more than $500.00 and imprisonment in the county jail for no more than six (6) months.

¶4. It is important to note that this exact issue was brought before this Court by Smith just a few months ago. In *Smith v. Roberts*, this Court determined that according to Miss. Code Ann. § 99-39-5(2) (1994), this issue was successive writ barred, procedurally barred and time barred and was not properly before the Court. *Smith v. Roberts*, No. 96-CP-00817-SCT (Miss. July 30, 1998). Regardless of this fact, the sentence given to Smith was completely within the trial judge's authority. A jury could have fixed no lighter punishment than that which was imposed by the trial court. Therefore, the lower court's denial of the writ of habeas corpus relief is affirmed. *Smith v. Roberts*, No. 96-CP-00817-SCT (Miss. July 30, 1998).

¶5. **LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, SMITH, MILLS AND WALLER, JJ., CONCUR.**