MAXWELL, J.,
for the Court:
¶ 1. Donald E. Smith appeals the dismissal of his fifth motion for post-conviction relief. He argues the circuit court erroneously found his PCR motion was both time-barred and successive-writ barred. Finding no applicable statutory or fundamental-rights exceptions to these procedural bars, we affirm.
*182 Facts and Procedural History
¶2. On July 11, 1973, Smith pleaded guilty to murder, armed robbery, and kidnapping in the Forrest County Circuit Court. He was sentenced to life for murder, forty-five years for armed robbery, and forty-five years for kidnapping, with the sentences to run consecutively. In 1985, Smith filed a petition for a writ of habeas corpus, which the circuit court denied. The Mississippi Supreme Court affirmed the denial but found Smith’s kidnapping sentence had exceeded the statutory maximum. Smith v. State, 477 So.2d 259, 260 (Miss.1985). On remand, the circuit court resentenced Smith to thirty years on that count.
¶ 3. Smith apparently filed another PCR motion, which the supreme court denied in an unpublished opinion. Smith v. Roberts, 726 So.2d 593, 593 (Miss.1998). He filed a third similar PCR motion in 1997, attacking the circuit court’s discretion to sentence him to life imprisonment for murder. The circuit court dismissed this motion as “preposterous and frivolous.” And on appeal, the supreme court affirmed this dismissal, finding Smith’s motion time-barred, successive-writ barred, and without merit. Smith v. State, 730 So.2d 567, 568 (¶ 4) (Miss.1998). Smith’s fourth PCR motion met a similar fate at the hands of this court. Smith v. State, 822 So.2d 298, 299 (¶ 2) (Miss.Ct.App.2001) (finding Smith’s motion was procedurally barred from our review).
¶4. On April 12, 2011, Smith filed yet another PCR motion, primarily asserting that his (1) life sentence had somehow expired, (2) his guilty plea was involuntary, and (3) his attorney was ineffective for allowing him to plead guilty to a murder charge, resulting in him serving an illegal life sentence. The circuit court summarily dismissed his claims as time-barred and successive-writ barred.
¶ 5. On appeal Smith raises a host of different claims, most of which are unclear. While his brief contains a multitude of vague mentions of constitutional breaches, our rules of appellate procedure require that each issue be separately numbered in a statement of the issues. M.R.A.P. 28(a)(3). Failure to present an allegation in this fashion bars our consideration of the issue. Reed v. State, 987 So.2d 1054, 1056-57 (¶¶ 6-8) (Miss.Ct.App.2008); see also M.R.A.P. 28(a)(6) (stating the argument section of an appellate brief “shall contain the contentions of the appellant with respect to the issues presented”). To the extent Smith has obscured certain allegations by not separately identifying them, we are under no duty to address the claims. Still, we have attempted to respond to those we can decipher.
Standard of Review
¶ 6. When reviewing a circuit court’s decision to deny a PCR motion, we review questions of law de novo and will not disturb the circuit court’s factual findings unless they are clearly erroneous. Holloway v. State, 31 So.3d 656, 657 (¶ 5) (Miss.Ct.App.2010). A circuit court may summarily dismiss a motion for post-conviction relief “if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.” Burrough v. State, 9 So.3d 368, 371 (¶ 6) (Miss.2009) (quoting Miss.Code Ann. § 99-39-11(2) (Rev.2007)).
Discussion
¶ 7. Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), a motion for relief following a guilty plea is untimely unless filed within three years after entry of the judgment of conviction. Watts v. State, 97 So.3d 722, 725 (¶ 7) (Miss.Ct.App.2012) (citing Miss.Code Ann. § 99-39-5(2) *183 (Supp.2012)). The UPCCRA also bars PCR motions from our review if the movant has filed a previous PCR motion. Miss.Code Ann. § 99-39-23(6) (Supp.2012); see also White v. State, 59 So.3d 633, 635 (¶ 6) (Miss.Ct.App.2011). Smith filed his latest PCR motion over twenty-five years beyond the applicable three-year limitations period. This is also his fifth attempt for post-conviction relief. So his motion is obviously both time-barred and successive-writ barred unless he can show an exception to these procedural bars. See Bell v. State, 95 So.3d 760, 763 (¶ 10) (Miss.Ct.App.2012) (citing White, 59 So.3d at 635 (¶ 8)). Because we find he fails to show any exceptions, we affirm.
I. No Statutory Exceptions Apply
¶ 8. There are three statutory exceptions to the three-year limitations period and successive-writ bar. To be exempted from these codified bars, a PCR movant must show one of the following: (1) an intervening decision of the United States Supreme Court or the Mississippi Supreme Court adversely affecting the outcome of his conviction or sentence; (2) new evidence, not reasonably discoverable at trial, which would have caused a different result in the conviction or sentence; or (3) that either his sentence has expired or his parole, probation, or conditional release has been unlawfully revoked. Miss.Code Ann. §§ 99 — 39—5(2)(a)—(b) & 99-39-23(6).
¶ 9. While Smith was obviously still alive at the time of his filing and briefing, he argues that the third exception applies because his life sentence has already “expired.” We find this assertion baseless and merits little discussion. We point out that had Smith been sentenced to less than a life term, it would have been proper for the circuit court to consider the merits of his expired-sentence claim. But the supreme court has already held that Smith was properly sentenced to life imprisonment for murder. See Smith v. State, 730 So.2d at 568 (¶ 14). And by definition, a life sentence does not “expire.” Rather, the only ways to “terminate” a life sentence are through vacatur of the sentence, pardon, death, or the parole process. The first three possibilities are not in play here, and as the State correctly points out, the fourth — the denial of parole — is not a valid ground for post-conviction relief. See Miss.Code Ann. § 99-39-5(1).
¶ 10. We also find Smith’s reliance on Mississippi Code Annotated section 99-19-21 (Rev.2007) is misplaced. Section 99-19-21(1) deals with a circuit judge’s discretion to order sentences for separate criminal offenses to run either consecutively or concurrently with one another. And section 99-19-21(2) applies only to persons “sentenced to imprisonment for a felony committed while ... on parole, probation, earned-release supervision, post-release supervision or suspended sentence.” Neither section lends credence to Smith’s claim that his life sentence has expired. So we find no error in the circuit declining to review Smith’s PCR motion under the expired-sentence exception.
II. No Fundamental-Rights Exception Applies
¶ 11. Though Smith meets none of the statutory exceptions to the procedural bars, the Mississippi Supreme Court has held that “errors affecting fundamental constitutional rights are excepted from the procedural bars.” Rowland v. State, 42 So.3d 503, 507 (¶ 12) (Miss.2010)). But the mere suggestion of a constitutional-right violation is not itself sufficient to surmount the time-bar. “There must at least appear to be some basis for the truth of the claim before the limitation period will be waived.” Ross v. State, 87 So.3d 1080, *184 1082 (¶ 8) (Miss.Ct.App.2012) (quoting Chandler v. State, 44 So.3d 442, 444 (¶ 8) (Miss.Ct.App.2010)).
A. Involuntary Guilty Plea
¶ 12. While Smith argues his involuntary-guilty-plea claim is excepted from procedural bars under the fundamental-rights exception, this court has held otherwise. See Trotter v. State, 907 So.2d 397, 402 (¶¶ 14-15) (Miss.Ct.App.2005) (rejecting argument that involuntary-guilty plea claim should be considered a claim of a violation of a fundamental right); see also Cole v. State, 608 So.2d 1313, 1319 (Miss.1992) (“It is a well-settled principle that a state may attach reasonable time limits to the assertion of federal constitutional rights.”). Further, and most importantly, our supreme court in a previous PCR appeal found Smith’s “pleas of guilty were voluntary.” Smith, 477 So.2d at 260 (emphasis added). Thus, we find his challenge to his guilty plea on the murder charge is time-barred and successive-writ barred.
B. Ineffective Assistance of Counsel
¶ 13. Smith’s final claim, though difficult to decipher, is apparently based on his insistence that his attorney’s deficient performance resulted in him pleading guilty to a murder charge to which another individual had also pleaded guilty, rendering his life sentence illegal. Having reviewed this claim, we find it, too, should remain time-barred and successive-writ barred.
¶ 14. An ineffective-assistance claim requires a showing that: (1) counsel’s performance was deficient and (2) prejudice resulted. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As to the timeliness of Smith’s particular challenge to the effectiveness of his attorney’s representation, “the Mississippi Supreme Court has consistently held that the time-bar of Mississippi Code Annotated section 97-39-5(2) applies to post-conviction relief claims based on ineffective assistance of counsel.” Crosby v. State, 16 So.3d 74, 78 (¶ 8) (Miss.Ct.App.2009). While “[i]t is conceivable that under the facts of a particular case, ... a lawyer’s performance was so deficient!]] and so prejudicial to the defendant]],] that the defendant’s fundamental constitutional rights were violated,” the supreme court “has never held that merely raising a claim of ineffective assistance of counsel is sufficient to surmount the procedural bar.” Smith v. State, 922 So.2d 43, 47 (¶ 9) (Miss.Ct.App.2006) (quoting Bevill v. State, 669 So.2d 14, 17 (Miss.1996)). So Smith’s mere attack on his attorney, without more, is not sufficient to circumvent the procedural time-bar or successive-writ bar. Nor may Smith contest his life sentence under the guise of a challenge to his attorney’s effectiveness since the supreme court has already reviewed and rejected his previous post-conviction challenge to the legality of his life sentence. Smith, 730 So.2d at 568 (¶ 4).
¶ 15. We are also mindful that a PCR movant has the burden to show both prongs of Strickland are met. Moody v. State, 644 So.2d 451, 456 (Miss.1994) (citation omitted). And a movant’s allegations under both prongs must be pled with specific detail. Jenkins v. State, 986 So.2d 1031, 1035 (¶ 14) (Miss.Ct.App.2008) (citing Brooks v. State, 573 So.2d 1350, 1354 (Miss.1990)). But here, Smith offers no specific, comprehensible details from which we could find he sufficiently pled, much less proved, deficient performance on his attorney’s part that prejudiced him. Accordingly, we find no viable fundamental-rights exception. Instead, we yield, as we must, to the supreme court’s previous findings that Smith’s “pleas of guilty were voluntary” and that he was represented *185 during his guilty pleas by “competent counsel.” Smith, 477 So.2d at 259-60.
¶ 16. Because Smith’s claims are time-barred and successive-writ barred, we find no error in the circuit court’s dismissal of his most recent PCR motion.
¶ 17. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR.