MAXWELL, J.,
for the Court:
¶ 1. This case involves Milton Trotter’s two separate life sentences—one imposed by a federal judge and the other by a Mississippi circuit judge. Trotter’s first life sentence was handed down in federal district court after Trotter pled guilty to a federal kidnapping charge. Shortly after, Trotter waived indictment and pled guilty in a Mississippi circuit court to a murder committed by his accessories during the abduction. For the murder, the circuit judge imposed a life sentence, which he ordered to be served concurrently with Trotter’s federal life sentence. The circuit judge’s sentencing order says he “allowed” Trotter to serve the concurrent Mississippi life sentence in federal prison.
¶2. After the Mississippi sentencing hearing, Trotter was placed in federal custody and began serving his concurrent life sentences. Trotter had served thirty years in federal prison when the federal parole board granted him parole on the kidnapping conviction. But the Mississippi Parole Board denied him parole on his state murder conviction. So Trotter was transferred to a Mississippi prison to continue serving his life term.
¶ 3. Trotter filed a post-conviction-relief (PCR) motion,[1] complaining this was not the deal he struck with the state prosecutor. As he sees it, because he was paroled *831 from federal custody, he had to be released by Mississippi. His more specific argument is that since his life sentence for murder was ordered to run concurrently with his federal sentence and because he was “allowed” to serve his time in federal prison, the State was bound to parole him upon his parole release from federal custody. We disagree.
¶4. On appeal, we find Trotter was serving two distinct life sentences, in two separate jurisdictions, for two different crimes. And nothing in the record suggests Trotter was promised state parole as part of his plea agreement on the murder charge. Furthermore, Mississippi prisoners have no constitutionally recognized liberty interest in parole. Instead, the sole discretion to grant or deny parole lies with the Parole Board, not the courts. We thus affirm the dismissal of his PCR motion.
Discussion
¶ 5. In reviewing the dismissal of a PCR motion, we “will not disturb the circuit court’s factual findings unless they are clearly erroneous.” Smith v. State, 118 So.3d 180, 182 (¶ 6) (Miss.Ct.App.2013) (citing Holloway v. State, 31 So.3d 656, 657 (¶ 5) (Miss.Ct.App.2010)). We review questions of law de novo. Id.
I. Procedural Bars
¶ 6. Because this is Trotter’s second PCR motion, we must determine if his claims are procedurally barred. His first PCR motion was filed in 2003, nearly twenty-two years after he pled guilty to murder. In that motion, he claimed he was actually innocent of murder—a claim he also rehashes in his present motion. The circuit court dismissed his 2003 PCR motion on both procedural and substantive grounds, and this court affirmed. See Trotter, 907 So.2d at 403 (¶ 21).
¶7. The gist of Trotter’s new PCR argument is that Mississippi’s refusal to parole him on his murder conviction amounted to the State breaching its plea agreement. So in his eyes, he is being wrongly jailed. While the State argues Trotter’s PCR motion is time-barred since it was not filed within three years of his 1981 guilty plea and is impermissibly successive, we find his main argument challenging custody is not.
¶ 8. Generally, PCR claims must be filed within three years of a guilty plea. See Miss.Code Ann. § 99-39-5(2) (Supp. 2014). And successive PCR claims are typically not allowed. See Miss.Code Ann. § 99-39-23(6) (Supp.2014). However, there are certain fundamental-rights exceptions and other codified exceptions, which permit PCR petitioners to circumvent these bars.
¶ 9. Trotter is not challenging the denial of parole eligibility. Instead, he argues a statutory exception in section 99-39-5 exists because “his sentence has expired.” But “by definition, a life sentence does not ‘expire.’” Smith, 118 So,3d at 183 (¶ 9). “Rather, the only ways to ‘terminate’ a life sentence are through vacatur of the sentence, pardon, death, or the parole process.” Id. We do note, however, that section 99-39-5(l)(h) does except untimely PCR challenges when the petitioner is “unlawfully held in custody.” Because this is essentially what Trotter argues, we find his challenge—that based on his plea agreement, he is being wrongly held in custody—is not untimely or successive.
¶ 10. But we find his actual-innocence claim is barred as a successive writ. *832 In his 2003 PCR motion, Trotter brought an identical actual-innocence argument— that he was passed out when the murder happened. The circuit court previously-rejected this claim, and we affirmed. See Trotter, 907 So.2d at 402 (¶ 13). Because that judgment is conclusive, we do not address his renewed actual-innocence argument.
II. Breach of Plea Agreement

A. Guilty Pleas

¶ 11. Though Trotter pushes a “breach of plea agreement” claim, we find he is reading into both his state plea agreement and sentencing order a term that simply does not exist. What Trotter is trying to do is stretch the circuit judge’s courtesy of allowing him to serve his concurrent state sentence in a federal correctional institution into some sort of “promise” that he “must” immediately be granted state parole if he is ever paroled in the federal system.
¶ 12. Trotter pled guilty to a federal kidnapping charge in the Southern District of Mississippi and received a life sentence. And on October 19, 1981, he waived indictment and pled guilty to murder in the Lauderdale County Circuit Court. Trotter’s sentencing order for his state murder conviction shows he was “sentenced to a term of life in the Mississippi State Penitentiary at Parchman, Mississippi.” This sentence was “to run concurrent[ly] with the life sentence of the United States Federal Court.” The order also stated that Trotter “[is] allowed to serve said sentence in the [f]ederal [p]enitentiary.”
¶ 13. It is clear Trotter pled guilty to two different crimes, in two distinct jurisdictions, and received two separate concurrent life sentences. But there is absolutely nothing in his plea agreement, the sentencing order, or any other part of Trotter’s record submissions that shows he was promised parole on his Mississippi sentence if granted parole in the federal system. What is more, Mississippi’s parole mechanism is permissive, not mandatory, so the judge could not have bound the Parole Board. Instead, our review shows Trotter got just the sentence he bargained for in his murder case—a concurrent life sentence.

B. Vice and the Parole System

¶ 14. The Mississippi Supreme Court has previously addressed a claim like Trotter’s—that a defendant in federal prison serving concurrent federal and state sentences had been promised state parole as part of his plea agreement and that the State breached the agreement. Vice v. State, 679 So.2d 205, 207 (Miss. 1996). And like Trotter’s case, in Vice, there was no evidence the defendant had been promised parole. Id. Still, our high court noted that even if there had been some evidence of such a promise, “there is no basis in law [to argue] that the Parole Board ‘violated’ the plea agreement by not granting him parole.” Id. at 208. This is because matters of parole are solely “within the discretion of the Parole Board.” Id.; see also Miss.Code Ann. §§ 47-7-3 (Rev. 2011) & 47-7-17 (Rev. 2011).
¶ 15. Though Mississippi has its own parole system, the United States Supreme Court has held that mere maintenance of a parole system does not, itself, create a protected parole interest. Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Instead, a protected parole interest exists only where mandatory language creates an entitlement to parole if certain criteria are met. Id. And “Mississippi's] parole statutes contain no such mandatory language[.]” Vice, 679 So.2d at 208. Because our statutes employ “the permissive ‘may’ rather than ‘shall,’ prisoners have ‘no con *833 stitutionally recognized liberty interest’ in parole.” Id. (citing Smith v. State, 580 So.2d 1221, 1225-26 (Miss.1991); Harden v. State, 547 So.2d 1150, 1151-52 (Miss. 1989)). See also Scales v. Miss. State Parole Bd., 831 F.2d 565, 565 (5th Cir.1987). So we find Trotter was not implicitly entitled to parole on his life sentence.
¶ 16. After review, we find Trotter cannot now complain the State somehow breached his plea agreement, particularly when he has not set forth any evidence of a breach, much less shown he is wrongly jailed or should no longer be in custody. “It is well established that parole is not a consequence of a guilty plea because it is a matter of legislative grace.” Garlotte v. State, 915 So.2d 460, 467 (¶ 21) (Miss.Ct.App.2005) (citing Ware v. State, 379 So.2d 904, 907 (Miss.1980)). And it is the Parole Board, not the courts, that has authority over the grant or denial of parole. Because he was not required to be paroled by Mississippi when he was released from federal custody, just as the circuit judge did, we too find Trotter is serving the exact sentence he bargained for. We affirm.[2]
¶ 17. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUD-ERDALE COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND FAIR, JJ., CONCUR. JAMES, J., DISSENTS WITH SEPARATE WRITTEN OPINION.

. This is Trotter’s second PCR motion; his first was filed in 2003. The trial judge dis *831 missed that motion, and this court affirmed the dismissal. See Trotter v. State, 907 So.2d 397, 403 (¶ 21) (Miss.Ct.App.2005).

. Trotter argues the circuit judge erred in not holding an evidentiary hearing on his PCR motion. Under Mississippi Code Annotated section 99-39-11(2) (Supp.2014), "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the petitioner to be notified.” Because it plainly appears from the face of the sentencing order and record, along with caselaw, that Trotter is not entitled to any relief, no hearing was necessary.