# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00118-COA

**ROBERT JOHNSON, JR.**                                                  **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                  **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/20/2019 |
| TRIAL JUDGE: | HON. JANNIE M. LEWIS-BLACKMON |
| COURT FROM WHICH APPEALED: | HUMPHREYS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROBERT JOHNSON JR. (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 03/30/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WILSON, P.J., LAWRENCE AND McCARTY, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1.     Robert Johnson was indicted as a habitual offender for business burglary (Count 1), possession of a firearm by a felon (Count 2), and felony fleeing (Count 3). In 2018, he pled guilty to Counts 2 and 3, and the State nolle prosequied the charge in Count 1. The circuit court sentenced him to serve four years and six months as a habitual offender for Count 3 and imposed a consecutive and suspended sentence of ten years for Count 2.

¶2.     In June 2019, Johnson filed a motion to correct his sentence. He alleged that his plea was involuntary and that he received ineffective assistance of counsel because his attorney misled him regarding the terms of his plea deal. The circuit court treated the motion as a

motion for post-conviction relief (PCR), found that Johnson's plea was voluntary and that he failed to prove his ineffective-assistance claim, and denied the motion.

¶3. In October 2019, Johnson filed a motion to withdraw his plea agreement. He alleged that his attorney erroneously advised him that he was guilty of felony fleeing when in fact he was only guilty of misdemeanor fleeing. Johnson argued that he was not guilty of felony fleeing because he did not endanger persons or property. *See* Miss. Code Ann. § 97-9-72(1)-(2) (Rev. 2020). Johnson claimed that his "lack of understanding" of the charge rendered his plea involuntary and that his attorney provided ineffective assistance because he "did not fully inform [Johnson] of the real knowledge of the true nature of the crime of felony fleeing." The circuit court treated the motion as a PCR motion and denied it because it was an impermissible successive PCR motion. *See* Miss. Code Ann. § 99-39-23(6) (Rev. 2020). Johnson filed a notice of appeal.

¶4. On appeal, citing *Henderson v. Morgan*, 426 U.S. 637 (1976), Johnson argues that his plea was involuntary because his attorney and the court did not "fully inform [him] of the true elements [of] the crime of felony fleeing."

¶5. We affirm. The circuit court correctly held that Johnson's present PCR motion, his second such motion, is barred because an order denying a PCR motion "shall be a bar to a second or successive [PCR] motion." Miss. Code Ann. § 99-39-23(6). The statute provides certain exceptions to the successive-motions bar, *id.*, but none apply in this case. Our Supreme Court has also created "an exception to the [successive-motions bar] for errors affecting certain constitutional rights" that are considered "fundamental." *Rowland v. State*,

2

98 So. 3d 1032, 1036 (¶6) (Miss. 2012), *overruled on other grounds by Carson v. State*, 212 So. 3d 22, 32-34 (¶¶37-42) (Miss. 2016). However, involuntary-guilty-plea claims do not fall under the fundamental-rights exception. *E.g.*, *Owens v. State*, 281 So. 3d 863, 867 (¶11) (Miss. Ct. App. 2019); *Smith v. State*, 118 So. 3d 180, 184 (¶12) (Miss. Ct. App. 2013). In addition, ineffective-assistance-of-counsel claims may be excepted from the successive-motions bar only in "extraordinary circumstances." *Kelly v. State*, 306 So. 3d 776, 778-79 (¶9) (Miss. Ct. App. 2020), *cert. denied*, 308 So. 3d 440 (Miss. 2020). Johnson does not identify any "extraordinary circumstances" that would exempt his claim from the successive-motions bar. Therefore, Johnson's successive PCR motion is barred.

¶6. We also note that Johnson's reliance on *Henderson*, *supra*, is misplaced. In that case, a man with an IQ in the range between 68 and 72 was indicted for first-degree murder. *Henderson*, 426 U.S. at 641-42 & n.9. He later pled guilty to second-degree murder, but the elements of the lesser offense were never explained to him. *Id.* at 642-43. He later attacked his conviction, alleging that "he would not have pleaded guilty if he had known that an intent to cause the death of his victim was an element of the offense of second-degree murder." *Id.* at 643-44. In evaluating that claim, the Supreme Court noted that "[t]he charge of second-degree murder was never formally made" in an indictment and that an indictment on that charge "necessarily would have included" the element of intent. *Id.* at 645. The Court also emphasized that nothing in the record indicated that the substance of the offense was ever explained to the defendant, that the "case [was] unique because the trial judge found as fact that the element of intent was not explained to [the defendant]," and that the defendant had

3

an "unusually low mental capacity." *Id.* at 647. The Supreme Court indicated that a "court should examine the totality of the circumstances and determine whether the substance of the charge, as opposed to its technical elements, was conveyed to the accused." *Id.* at 644. But the Court found that the defendant's "plea was involuntary" because he "did not receive adequate notice of the offense to which he pleaded guilty." *Id.* at 647.

¶7. In this case, in contrast, the charge of felony fleeing *was* "formally made" in an indictment, and the indictment specifically set out the element that Johnson now claims was never explained to him.[1] Moreover, in his signed and sworn plea petition, Johnson stated under oath that his attorney had advised him of the elements of the crime of felony fleeing, including the operation of "a motor vehicle in such a manner as to indicate a reckless or willful disregard for [the] safety of person[s] or property." Johnson's attorney also signed the plea petition, certifying that he had discussed all its contents with Johnson and was satisfied that Johnson understood the petition and had executed it knowingly and voluntarily. Thus, unlike *Henderson*, the indictment in this case provided formal notice of the elements of the crime to which Johnson pled guilty, and in his sworn plea petition, Johnson confirmed under oath that his attorney had explained the elements of the crime to him. Therefore, Johnson's present PCR motion is not only successive but also without merit.

¶8. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD,**

---

[1] In relevant part, the indictment tracked the statute by alleging that Johnson drove his vehicle "in such a manner as to indicate a reckless or willful disregard for the safety of persons or property."

4

**LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**