**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 23, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60472
Summary Calendar

_____

DONALD E. SMITH,

                                        Plaintiff-Appellant,

versus

ANDREW GAMBRELL; REX K. JONES;
LINDSAY CARTER; DEWITT ALLRED,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:03-CV-612-R
--------------------

Before EMILIO M. GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Donald E. Smith, Mississippi prisoner # 31733, appeals the
district court's dismissal of his 42 U.S.C. § 1983 complaint as
untimely.  This court reviews for abuse of discretion.  <u>Gartrell</u>
<u>v. Gaylor</u>, 981 F.2d 254, 256 (5th Cir. 1993).

    Smith's claims against Andrew Gambrell and Rex Jones arise
from the proceedings leading to and surrounding his indictment,
conviction, and sentence.  His allegations of ineffective
assistance and prosecutorial misconduct call into question the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

validity of his conviction, and Smith therefore must satisfy the conditions of <u>Heck v. Humphrey</u>, 512 U.S. 477, 484-87 (1994), before he can proceed in a civil rights action. Therefore, the dismissal of Smith's claims against Gambrell and Jones is AFFIRMED, but the judgment is AMENDED to state that the claims are DISMISSED WITH PREJUDICE to their being asserted again until the <u>Heck</u> conditions are met. <u>Johnson v. McElveen</u>, 101 F.3d 423, 424 (5th Cir. 1996). Smith has not challenged the district court's conclusion that his claims affecting his eligibility for immediate release must be raised in habeas, and any such claim is deemed abandoned. See <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 748 (5th Cir. 1987).

Smith's claims against Lindsay Carter and Dewitt Allred arise out of postconviction proceedings in his case. Smith has not established that the district court abused its discretion in dismissing these claims as untimely. See <u>Gartrell</u>, 981 F.2d at 256; Miss. Code Ann. § 15-1-49(1); <u>Hemphill-Weathers v. Farrish</u>, 779 So. 2d 167, 171 (Miss. Ct. App. 2001). The judgment of the district court is therefore AFFIRMED.