BARNES, J.,
for the Court.
¶ 1. Curtis Antonio Way (Way) appeals the denial of his petition for writ of habeas corpus by the Circuit Court of Greene County. Finding no error, we affirm.
STATEMENT OF FACTS
¶ 2. The record in this case is minimal; a number of the facts contained in this statement are those alleged by Way in his brief on appeal which were cited by the appel-lees without challenge.
¶ 3. In 1984, Way was convicted of armed robbery and sentenced to life imprisonment. In April 1998, he was paroled to Duvall County, Florida. Four years later, Way was arrested in Greenwood, Mississippi, and transported to the Leflore County jail. A pre-revocation interview was conducted by a hearing officer for the State of Mississippi within two days of the arrest. During this interview, Way was advised of the specific conditions of parole he was charged with violating: regular report, residence, curfew, and supervision fees and court ordered payments. Way was further advised of his rights during the revocation process. After being fully advised of his rights, Way voluntarily waived and relinquished his right to a preliminary parole revocation hearing.
¶ 4. Way was then transferred to the Central Mississippi Correctional Facility to await his parole revocation hearing before the Parole Board. Way appeared before the Parole Board on July 17, 2002. Way’s parole was revoked, and he was given a one year set off.[1] Way admits in his brief to this Court that he was paroled to the State of Florida but left that state without permission and returned to Mississippi where he was arrested. Way again appeared before the Parole Board on May 8, 2003, for reconsideration of parole and was given another set off of twenty months.
¶ 5. On October 15, 2003, Way filed a petition for writ of habeas corpus against members of the Parole Board alleging that the Parole Board acted arbitrarily in violation of his Fifth and Fourteenth Amendment rights by refusing to reinstate his parole. Way also alleged that his due process rights were violated by the Parole Board’s “failure] to investigate all of the ‘facts and circumstances surrounding’ the alleged violations or to allow [Way] to cross-examine ‘evidence’ used in his files that he was not ready for conditional release.” The Circuit Court of Greene County denied the petition, and Way filed a timely notice of appeal.
PRELIMINARY MATTERS
¶ 6. We consider Way’s action for habeas corpus as an application under the *1039 Mississippi Uniform Post-Conviction Collateral Relief Act. Miss.Code Ann. § 99-39-5(l)(g) (Rev.2000); see Moore v. Ruth, 556 So.2d 1059, 1061 (Miss.1990). The Mississippi Supreme Court has instructed that
we study [the] pleadings and ask whether [the applicant] makes a substantial showing of denial of a state or federal right .... [t]he question is whether “on the papers and record before us, can we say with confidence that at any eviden-tiary hearing ... [the applicant] will not be able to show that ... [his parole was wrongfully revoked].”
Moore, 556 So.2d at 1061(quoting Neal v. State, 525 So.2d 1279, 1280-81 (Miss.1987)). We must take the well-pleaded allegations of the petition as true and may, in our discretion, “credit not so well pleaded allegations ... to the end that a prisoner’s meritorious complaint may not be lost because inartfully drafted.” Moore, 556 So.2d at 1061.
¶ 7. Parole is a “matter of sound discretion, not of right, and ... the Parole Board ha[s] broad discretionary authority regarding grants of parole.” However, once parole has been granted, the “State’s authority [on revocation] is much narrower, for before one released on parole may be returned to custody, it must be shown that he has violated the terms and conditions of parole.” Id.
ISSUES AND ANALYSIS
I. WHETHER MISSISSIPPI CODE SECTION 47-7-17 CREATES A LIBERTY INTEREST AND WHETHER CONDUCT OF THE PAROLE BOARD DEPRIVED WAY OF HIS FIFTH AND FOURTEENTH AMENDMENT DUE PROCESS RIGHTS IN HIS PAROLE PROCEEDING.
¶ 8. The Mississippi Supreme Court has held:
[W]hile maintenance of a parole system does not, in and of itself, create a protected interest in parole, one exists only where mandatory language creates a presumption of entitlement to parole once certain objective criteria are met. However, because the Mississippi parole statutes contain no such mandatory language, employing the permissive “may” rather than “shall,” prisoners have “no constitutionally recognized liberty interest” in parole.
Vice v. State, 679 So.2d 205, 207 (Miss.1996); see also Smith v. State, 580 So.2d 1221, 1225-26 (Miss.1991); Harden v. State, 547 So.2d 1150, 1151-52 (Miss.1989). In his petition for writ of habeas corpus, Way contended that the use of the word “shall” in the following provision from section 47-7-17 created a constitutionally protected liberty interest in parole:
No application for parole of a person convicted of a capital offense shall be considered by the board unless and until notice of the filing of such application shall have been published at least once a week for two (2) weeks in a newspaper published in or having general circulation in the county in which the crime was committed.
Miss.Code Ann. § 47-7-17 (Rev.2004) (emphasis added). Nowhere in the petition, however, did Way contend that the Parole Board failed to comply with this statute or identify any harm he suffered by virtue of such failure. Instead, Way broadly argued “it cannot NOW be said petitioner has no legitimate expectation of release absent the requisite finding that justifications for deferral exist. The petitioner is entitled to, and has, a protectible [sic] right under the Due Process Clause.” The circuit court rejected Way’s broad claim to a constitutionally protected interest in a parole *1040 application and hearing on parole eligibility. In accordance with the supreme court’s decision in Vice, supra, we affirm that decision.
¶ 9. For the first time on appeal, Way actually contends that the Parole Board failed to publish notice of his application for parole in a newspaper in the county of his conviction and thereby violated a mandatory provision of Mississippi Code Annotated section 47-7-17. The Parole Board does not dispute lack of publication but argues that publication was not required in the instant case because Way “was not convicted of a capital offense since death was not a sentencing option,” and that the statute is for the benefit of the public, not the inmate, and thus, failure to abide by the mandate may void a grant of parole but not denial of parole. We agree and reject Way’s argument for two reasons.
¶ 10. First, we find the matter waived in that it was not properly presented to the trial court for determination. See Harbin v. Chase Manhattan Bank, 871 So.2d 764, 766 (¶ 6) (Miss.Ct.App.2004) (“[i]t is well-settled that an issue not raised before the lower court and only raised for the first time on appeal is deemed waived and procedurally barred”). As previously noted, Way never asserted in the trial court that the Parole Board failed to comply with section 47-7-17 or identified any harm he suffered by virtue of such failure. Further, while we reject the Parole Board’s argument that Way was not convicted of a capital offense,[2] we note that Way’s petition in the circuit court never advised the court of the nature of his original offense or sentence so as to provide the court with the information necessary to determine the applicability of the statute. From our review of the vague petition, we cannot fault the trial court for failing to discern Way’s current contentions. Even under the most liberal standard of pleading (see Moore, supra), we do not find that Way raised his current contentions in the court below, and they are therefore procedurally barred.
¶ 11. Second, we agree with the Parole Board that a plain reading of the statute evidences that the provision for publication is included for the benefit of the public not the inmate. The inmate is afforded no extra protection by having notice of his parole hearing published. The publication of the notice of the parole hearing would allow any member of the public opposed to the parole to be present and testify against the potential parolee. Way fails to identify, even on appeal, any harm or prejudice he suffered as a result of the Parole Board’s apparent failure to publish notice to the public.
¶ 12. For these reasons, we find Way’s contention regarding publication to be both procedurally barred and without merit.
II. WHETHER OR NOT THE PAROLE BOARD DENIED WAY HIS RIGHT TO CONFRONT AND CROSS-EXAMINE ADVERSE WITNESSES AND PRESENT EVIDENCE IN SUPPORT OF MITIGATION, IN VIOLATION OF HIS RIGHT TO DUE PROCESS.
¶ 13. In Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 *1041 (1972), the Supreme Court announced the minimum due process protections to be afforded a parolee facing revocation. The Court held that prior to the final revocation decision, the parolee must have an opportunity for a hearing, at which the “parolee must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation.” Morrissey, 408 U.S. at 488, 92 S.Ct. 2593. The parolee must have the “opportunity to be heard in person and to present witnesses and documentary evidence [and] the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)....” Id. at 489, 92 S.Ct. 2593. The United States Court of Appeals for the Fifth Circuit has found it “clear that Morrissey ... intended that a parolee, even one who had admitted the violation of a parole condition, has a qualified right to confront and cross-examine witnesses and present evidence in support of mitigation.” Williams v. Johnson, 171 F.3d 300, 305 (5th Cir.1999).
¶ 14. Way’s entire presentation of the issues in his petition for writ of habeas corpus read as follows: “the Board denied [Way] a state created liberty interest to due process and equal protection, when it failed to investigate all of the ‘facts and circumstances surrounding’ the alleged violations or to allow [Way] to cross-examine ‘evidence’ used in his files that he was not ready for conditional release.”[3] Nowhere else in the seven-page petition does Way reference any facts or cite any authority to support his contentions. We cannqt see, even with the most liberal pleading standard, that Way’s petition made “a substantial showing of denial of a state or federal right.” See Moore, 556 So.2d at 1061(citing Miss.Code Ann. § 99-39-27(5) (Supp. 1986); Neal, 525 So.2d at 1280-81).
¶ 15. As to the revocation hearing, the petition never mentioned Way’s being denied the opportunity to present evidence in mitigation. On appeal, Way admits to having been allowed to argue justification for the violation,[4] and while he contends that he “also expressed the need for the testimony of his ‘employer and fiancee,’ ” he never alleges that the Parole Board denied him the opportunity to call them as witnesses or refused to listen to their testimony. There is nothing in the record to reflect what evidence Way offered in mitigation or to suggest that Way even attempted to call his “employer and fiancee” as witnesses and was denied the opportunity. To the extent his allegations can be interpreted as claiming a denial of the right to cross-examine witnesses at the revocation hearing, there is nothing in the record to suggest that the Parole Board used any adverse witnesses in deciding to revoke Way’s parole. If there were no adverse witnesses, the right of confrontation and cross-examination would not have arisen. Even on appeal Way does not identify any witnesses who appeared at the hearing, other than himself.
*1042 ¶ 16. As to the reconsideration hearing held in May 2003, in which Way was denied reinstatement to parole and given a twenty month set off, Way was not entitled to the same due process rights as at the revocation hearing. Section 47-7-27 of the Mississippi Code states that upon revocation of parole “the offender shall serve the remainder of the sentence originally imposed unless at a later date the board shall think it expedient to grant the offender a second parole.” It is well settled in Mississippi that prisoners have “no constitutionally recognized liberty interest” in parole. See Vice, 679 So.2d at 208. Parole is a “matter of sound discretion, not of right, and ... the Parole Board ha[s] broad discretionary authority regarding grants of parole.” Moore, 556 So.2d at 1061.
¶ 17. In his petition, Way alleged that the Parole Board failed “to allow [him] to cross-examine ‘evidence’ used in his files that he was not ready for conditional release.” On appeal, he argues that he was denied “access to documents, files and other information used by [the Parole Board] in determining his eligibility for parole, ... the right to confront and cross-examine adverse witnesses, and an explanation of its parole decision such that an average person could understand the decision of denial without the use of ‘boilerplate’ reasons.” The Parole Board argues that Way has no such rights at a parole hearing, only at a revocation hearing. We agree. Section 47-7-17 of the Mississippi Code states in part, “[b]efore ruling on the application for parole of any offender, the board may have the offender appear before it and interview him.” Miss.Code Ann. § 47-7-17 (Rev.1994) (emphasis added); see Justus v. State, 750 So.2d 1277, 1280 (¶ 9) (Miss.Ct.App.1999) (section vests discretion in parole board to determine whether applicant for parole will appear for interview). Way admits in his appellate brief that he was present for the reconsideration hearing and therefore, was afforded more process than was required.
¶ 18. The circuit court properly rejected Way’s claim to a constitutionally protected interest in a parole application and a hearing on parole eligibility.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF GREENE COUNTY DENYING PETITION FOR WRIT OF HABEAS CORPUS IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO GREENE COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS AND ISHEE, JJ., CONCUR.

. A "set off" in parole terminology is the period of time an inmate who has been denied parole must wait before his parole is reconsidered. Brown-Bey v. Hyman, 649 A.2d 8, 8 n. 1 (D.C.Ct.App.1994).

. Section 1-3-4 of the Mississippi Code defines a capital offense as one punishable by death or imprisonment for life in the state penitentiary. Miss.Code Ann. § 1-3-4 (Rev. 1998). The Parole Board does not dispute Way's assertion that he was convicted of armed robbeiy and sentenced to life imprisonment. Therefore, section 47-7-17 would require the publication of notice to the public prior to the Parole Board’s considering Way for parole.

. We do not see Way's being “ready for conditional release” would have been an issue at a revocation hearing; accordingly, we believe that a fair interpretation of the petition would be that Way was challenging the Parole Board’s alleged failure to investigate the circumstances surrounding Way’s violations at the parole revocation hearing in July 2002 and the failure to allow Way to cross-examine evidence when he was reconsidered for parole after the one year set off in May 2003.

. Way "admitted that he had left the State of Florida without written permission but argued that there was a justification which should excuse any violation and that revocation was not the appropriate decision.”