# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-01095-COA

**BOYCE WILLARD**                                                    **APPELLANT**

**v.**

**MISSISSIPPI STATE PAROLE BOARD**                             **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/06/2015 |
| TRIAL JUDGE: | HON. RICHARD A. SMITH |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BOYCE WILLARD (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ANTHONY LOUIS SCHMIDT JR. |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| TRIAL COURT DISPOSITION: | DISMISSED WITH PREJUDICE APPELLANT'S MOTION FOR DECLARATORY AND INJUNCTIVE RELIEF |
| DISPOSITION: | AFFIRMED - 10/18/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE ISHEE, P.J., CARLTON AND JAMES, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.     Boyce Willard appeals the judgment of the Sunflower County Circuit Court dismissing with prejudice his motion for declaratory and injunctive relief against the Mississippi State Parole Board for its denial of parole.  On appeal, Willard raises the following issues:  (1) whether the enactment of Mississippi Code Annotated section 47-7-18 (Supp. 2014) creates a liberty interest in the form of an expectation in parole that is protected by due process; (2) whether the Parole Board's failure to employ the procedural mandates

of section 47-7-18 in determining Willard's eligibility for release on parole violated his right to due process; (3) whether Willard's parole set-off of five years violates section 47-7-18(6); (4) whether the amendments to Mississippi Code Annotated section 47-7-3 (Supp. 2014) pursuant to Mississippi House Bill (H.B.) 585 render Willard ineligible for parole; and (5) whether the circuit court erred in dismissing Willard's motion on the ground that he could not meet the prerequisites for issuance of an injunction.

¶2. Upon review, we find that the circuit court properly dismissed Willard's motion. We therefore affirm the circuit court's judgment.

**FACTS**

¶3. In 1984, Willard was convicted of murder. The Humphreys County Circuit Court sentenced Willard to life in prison, with eligibility for parole consideration after serving ten years of his sentence.[1] Willard became eligible for parole on February 19, 1994. However, the Parole Board denied Willard parole. The Parole Board subsequently reconsidered Willard for parole several times, but each time, it denied him parole. Most recently, on December 3, 2014, the Parole Board again reconsidered and denied Willard parole after finding that Willard lacked the ability or willingness to fulfill the obligations of a law-abiding citizen. The Parole Board also imposed a five-year set-off for reconsidering Willard's parole.

---

[1] At the time of Willard's conviction, Mississippi Code Annotated section 97-3-21(1) (Supp. 1983) mandated life imprisonment for every person convicted of murder. However, Mississippi Code Annotated section 47-7-3(1) (Supp. 1983) provided that, as long as certain specified exceptions did not apply, a prisoner sentenced to life imprisonment could be eligible for parole after serving ten years of his sentence.

2

¶4. On February 26, 2015, Willard filed a motion with the circuit court for declaratory and injunctive relief. Willard argued that the Parole Board's denial of parole and its five-year set-off for reconsidering parole violated his due-process rights. On March 19, 2015, the Parole Board filed a response to Willard's motion as well as a motion to dismiss Willard's cause. On May 12, 2015, the circuit court entered an order finding that Willard had provided no proof that he had exhausted his remedies under the Administrative Remedy Program (ARP) prior to seeking judicial review. The circuit court therefore continued the matter for ninety days to afford Willard the opportunity to utilize and exhaust his available administrative remedies. *See* Miss. Code Ann. § 47-5-803(2) (Rev. 2015).

¶5. On May 28, 2015, Willard filed a response to the circuit court's order. Willard asserted that, under the current policy of the Mississippi Department of Corrections (MDOC), "parole and pardon decisions shall not be administratively exhausted through the MDOC's ARP." Willard also attached a copy of MDOC's ARP to his response to the circuit court's order. Under the heading "Applicability," the ARP stated that Parole Board decisions were not matters appealable through the ARP. Willard therefore contended that he was not required to exhaust any remedies through ARP prior to seeking judicial review of the Parole Board's decision. In addition, Willard contended that his claim of a constitutional-rights violation justified the circuit court's assertion of jurisdiction over the matter.

¶6. Also on May 28, 2015, the circuit court entered an order dismissing Willard's motion for declaratory and injunctive relief. The circuit court acknowledged that H.B. 585, which

3

took effect on July 1, 2014, amended the statutory law prohibiting parole eligibility. *See* Miss. Code Ann. § 47-7-3. However, because Willard was serving a sentence for murder, the circuit court found that Willard was ineligible for parole consideration under H.B. 585 and its amendments to section 47-7-3.[2] The circuit court therefore concluded that no due-process violation occurred, and the court declined to further review the Parole Board's actions.

¶7. In addition, the circuit court determined that Willard failed to show a substantial likelihood that he would prevail on the merits of his claims for injunctive relief. The circuit court found that Willard was not entitled to parole and that the Parole Board had granted Willard parole hearings and reviewed his status. Based on these findings, the circuit court denied Willard's requested injunctive relief and dismissed Willard's motion with prejudice.

¶8. Willard subsequently filed a motion to amend the circuit court's findings or to make additional findings and amend the circuit court's judgment accordingly. Treating Willard's filing as a motion for reconsideration, the circuit court denied the motion. Aggrieved by the circuit court's judgment, Willard appeals.

## STANDARD OF REVIEW

¶9. "Whether the circuit court has jurisdiction is a question of law and is reviewed de novo. Likewise, this Court reviews the trial court's dismissal of a lawsuit based on a

---

[2] Willard's sentence for murder was imposed in 1984, well before the effective date of the new parole procedures enacted in H.B. 585 and Mississippi Code Annotated section 47-7-3.1 (Rev. 2015).

question of law under a de novo standard of review." *Mangum v. Miss. Parole Bd.*, 76 So. 3d 762, 765-66 (¶6) (Miss. Ct. App. 2011) (internal citations and quotation marks omitted).

## DISCUSSION

¶10. On appeal, Willard asks this Court to interpret Mississippi parole statutes and to determine whether the Parole Board violated these statutes in denying him parole. The record reflects that, although Willard was eligible for parole, the Parole Board nevertheless denied him parole. In reviewing Willard's assignments of error, we acknowledge that the decision to grant or deny parole falls exclusively within the Parole Board's discretion. *Rochelle v. State*, 36 So. 3d 479, 482 (¶9) (Miss. Ct. App. 2010).

¶11. In *Cotton v. Mississippi Parole Board*, 863 So. 2d 917, 920-21 (¶10) (Miss. 2003), the Mississippi Supreme Court stated:

> It is well settled that a right of appeal is statutory. A circuit court has no authority to judicially create a right of appeal from an administrative agency in the absence of clear statutory authority therefor[]. Since Title 47, Chapter 7 does not contain a statutory mandate granting circuit courts jurisdiction over appeals concerning the denial of parole, the circuit court was correct in dismissing the petition due, in part, to lack of jurisdiction.

(Internal citations and quotation marks omitted).

¶12. In addition, this Court has previously stated:

> By statute, the Parole Board is given absolute discretion to determine who is entitled to parole within the boundaries of factors set forth in [section] 47-7-3. Prisoners have no constitutionally recognized liberty interest in parole. Further, Mississippi Code Annotated section 47-7-5(3) (Rev. 2004) provides that: the [P]arole [B]oard shall have exclusive responsibility for the granting of parole as provided by [s]ection[s] 47-7-3 and 47-7-17. This control is independent of the circuit court's sentencing authority.

*Hopson v. Miss. State Parole Bd.*, 976 So. 2d 973, 975 (¶6) (Miss. Ct. App. 2008) (internal citations and quotation marks omitted).

¶13.    Because defendants possess "no liberty interest in obtaining parole in Mississippi, [they] cannot complain of the denial of parole based on an allegation of a denial of due process, abuse of discretion, or consideration of false or improper factors." *Mangum*, 76 So. 3d at 768-69 (¶17) (citation omitted). "Although it is recognized that Mississippi courts have a duty to hear and adjudge cases concerning constitutional issues despite a statutory mandate, that duty only arises when certain criteria are met." *Cotton*, 863 So. 2d at 921 (¶11) (citations omitted). As explained in *Vice v. State*, 679 So. 2d 205, 208 (Miss. 1996):

> The United States Supreme Court [has] . . . held that[,] while maintenance of a parole system does not, in and of itself, create a protected interest in parole, one exists only where mandatory language creates a presumption of entitlement to parole once certain objective criteria are met. However, because the Mississippi parole statutes contain no such mandatory language, employing the permissive "may" rather than "shall," prisoners have no constitutionally recognized liberty interest in parole.

(Internal citations and quotation marks omitted).

¶14.    In the present case, Willard argues that section 47-7-18, which became effective on July 1, 2014, with the passage of H.B. 585, now creates a liberty interest in the form of an expectation of parole that is protected under due process. Specifically, Willard asserts that section 47-7-18(1) uses the explicitly mandatory language of "shall" and creates a presumption of entitlement to parole release in Mississippi once the subsection's objective criteria are met.

6

¶15.    Relevant to Willard's argument, section 47-7-18(1) states:

Each inmate eligible for parole pursuant to [s]ection 47-7-3, shall be released from incarceration to parole supervision on the inmate's parole[-]eligibility date, without a hearing before the board, if:

(a) The inmate has met the requirements of the parole case plan established pursuant to [s]ection 47-7-3.1;

(b) A victim of the offense has not requested the board conduct a hearing;

(c) The inmate has not received a serious or major violation report within the past six (6) months;

(d) The inmate has agreed to the conditions of supervision; and

(e) The inmate has a discharge plan approved by the board.

Section 47-7-18(6) states that the Parole Board may deny parole if "the inmate has not substantively complied with the requirement(s) of [his] case plan"[3] and provides that "[a]ny inmate not released at the time of the inmate's initial parole date shall have a parole hearing at least every year."  Section 47-7-3.1 establishes the requirements of inmate case plans.

¶16.    In addition to arguing that the use of the word "shall" in section 47-7-18(1) creates a judicially enforceable right to parole, Willard asserts that the Parole Board violated section 47-7-18(6)'s requirement of an annual parole hearing by setting his next hearing five years

---

[3] Mississippi Code Annotated section 47-7-2 (Rev. 2015) defines a parole case plan as "an individualized, written accountability and behavior change strategy developed by the department in collaboration with the parole board to prepare offenders for release on parole at the parole[-]eligibility date.  The case plan shall focus on the offender's criminal risk factors that, if addressed, reduce the likelihood of reoffending."

away in December 2019. In response, the Parole Board contends that Willard is ineligible for parole under section 47-7-18 because he is not entitled to a case plan under section 47-7-3.1. The Parole Board maintains that sections 47-7-3.1 and 47-7-18 apply prospectively only—i.e., only to inmates sentenced on or after July 1, 2014. The Parole Board emphasizes that Willard was convicted of murder thirty years before these provisions were enacted; thus, it would have been impossible for MDOC to comply with the statutory requirement to "complete a case plan" "[w]ithin ninety . . . days of [Willard's] admission" into MDOC's custody. *See* Miss. Code Ann. § 47-7-3.1(2).

¶17.   We also acknowledge that the statute provides that "[MDOC] shall ensure that the case plan is achievable prior to [the] inmate's parole[-]eligibility date." Miss. Code Ann. § 47-7-3.1(4). This would have been impossible in Willard's case since his parole-eligibility date occurred twenty years before the relevant provisions became effective. Moreover, when the Legislature passed H.B. 585 in 2014, thousands of potentially parole-eligible inmates were in MDOC's custody. We find it unlikely that the Legislature, without clearly stating so, intended to require MDOC and the Parole Board to create a case plan for every one of these thousands of inmates. Instead, we find the language of section 47-7-3.1 indicates that the Legislature intended the statute to apply prospectively since it would be impossible for MDOC to retroactively comply with the statute's requirements.[4]

_____

[4] "Our duty is to carefully review statutory language and apply its most reasonable interpretation and meaning to the facts of a particular case." *Pope v. Brock*, 912 So. 2d 935, 937 (¶8) (Miss. 2005). We also "have a duty to give statutes a practical application

¶18. Although Willard claims that the language of section 47-7-18 creates a constitutionally protected interest in parole, compliance with a parole case plan is a prerequisite to parole under section 47-7-18. However, the parole case plan requirements of section 47-7-3.1 are inapplicable to the present case because Willard's conviction and sentence predate the effective date of both sections 47-7-3.1 and 47-7-18. Thus, Willard is ineligible for parole under those provisions.

¶19. While Willard remains eligible for parole under sections 47-7-3 and 47-7-17, our caselaw clearly establishes that these sections confer no constitutionally protected liberty interest. *See Harden v. State*, 547 So. 2d 1150, 1150-52 (Miss. 1989). In addition, as previously discussed, the grant or denial of parole is entirely within the Parole Board's discretion, and the denial of parole is not subject to a statutory right of appeal. *Rochelle*, 36 So. 3d at 482 (¶9). As a result, the circuit court properly dismissed Willard's motion, and we affirm the circuit court's judgment.

¶20. **THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR, WILSON AND GREENLEE, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**

---

consistent with their wording, unless such application is inconsistent with the obvious intent of the [L]egislature." *Marx v. Broom*, 632 So. 2d 1315, 1318 (Miss. 1994). Generally, "statutes . . . will be construed to have a prospective operation only, unless a contrary intention is manifested by the clearest and most positive expression." *Mladinich v. Kohn*, 186 So. 2d 481, 483 (Miss. 1966).