## IN THE SUPREME COURT OF MISSISSIPPI

### NO. 2015-CP-01049-SCT

*MICHAEL DRANKUS a/k/a MICHAEL F. DRANKUS*

*v.*

*MISSISSIPPI PAROLE BOARD*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/11/2015 |
| TRIAL JUDGE: | HON. W. ASHLEY HINES |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MICHAEL DRANKUS (PRO SE) |
| ATTORNEYS FOR APPELLEE: | ANTHONY LOUIS SCHMIDT, JR. |
| | JAMES M. NORRIS |
| | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DARRELL CLAYTON BAUGHN |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 02/02/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., KING AND BEAM, JJ.**

**BEAM, JUSTICE, FOR THE COURT:**

¶1. Michael Drankus, an inmate in the custody of the Mississippi Department of Corrections, appeals the Sunflower County Circuit Court's order dismissing his complaint and request for declaratory judgment for failure to state a claim upon which relief may be granted. Drankus requested a declaratory judgment from the circuit court that newly amended Mississippi Code Section 47-7-18 creates a liberty interest in parole, and the parole board's 2015 decision to deny Drankus parole and to "setoff" his next parole hearing for

three years, violated Drankus's constitutional and statutory rights. We affirm the circuit court's order.

## FACTS AND PROCEEDINGS BELOW

¶2. Drankus was convicted in 1987 of capital murder, robbery, and residential burglary. He was sentenced to life imprisonment. Drankus's parole-eligibility date was July 11, 1997. Drankus was first released on parole on January 5, 2001. His parole was revoked on March 21, 2006, for a number of violations including operating a motor vehicle while intoxicated and resisting law enforcement. Drankus was released on parole a second time on May 31, 2007. His parole was revoked on June 6, 2012, for violating numerous parole conditions including assault on a law-enforcement officer, felony battery, and public intoxication. The parole board granted Drankus another parole hearing on April 29, 2015, and thereafter denied Drankus parole. The parole board setoff Drankus's next parole hearing date for three years.

¶3. On May 18, 2015, Drankus filed a complaint for declaratory judgment, in which he claimed he is entitled to a parole case plan and is eligible for "presumptive parole." Drankus asserted that he has a liberty interest in presumptive parole and the parole board arbitrarily setoff his next hearing for three years.

¶4. The circuit court dismissed Drankus's complaint for failure to state a claim upon which relief may be granted. This appeal followed.

## DISCUSSION

¶5. This Court addressed a similar claim in *Cotton v. Mississippi Parole Board*, 863 So. 2d 917 (Miss. 2003). There, inmates filed a complaint in the Sunflower County Circuit Court

alleging that the parole board and its members had abused their discretion in denying parole to these inmates. *Id*. at 919. The complaint alleged that each plaintiff had been denied equal protection and was subjected to cruel and unusual punishment by the parole board's repeated denial of parole. *Id*. The circuit court dismissed the complaint with prejudice, finding that the parole board has exclusive authority to grant or deny parole under Mississippi Code Section 47-7-5. *Id*. at 920. The circuit court found that each parole-eligible plaintiff had received all that is constitutionally mandated, that being a hearing. *Id*. All plaintiffs were given a chance to present their reasons for parole, and the parole board, using statutory factors, determined all to be unentitled to parole at the time. *Id*.

¶6. On appeal, this Court found two justifications for the circuit court's dismissal. *Id*. at 920. First, the circuit court had no authority to adjudicate the matters presented because there was no statutory mandate granting circuit courts jurisdiction over appeals concerning the denial of parole. *Id*. at 920-21. Thus, the circuit court correctly dismissed the petition due to lack of jurisdiction. *Id*. at 921. Second, this Court found that, while a constitutional challenge can justify the assertion of jurisdiction, the plaintiffs failed to state a constitutional claim sufficient for the circuit court to assert jurisdiction. *Id*. at 921.

¶7. As in ***Cotton***, the circuit court here has no jurisdiction to hear an appeal of the parole board's decision to setoff Drankus's next parole hearing for three years. As to Drankus's argument that the recent amendments to Mississippi's parole statutes create a constitutionally protected interest, we need not speak to it. Recently, we decided in ***Drankus v. Fisher***, that

those amendments do not apply to prisoners like Drankus who were admitted prior to the amendments' effective date. ***Drankus v. Fisher***, 204 So. 3d 1232 (Miss. 2016).

¶8. Accordingly, we find the circuit court correctly dismissed Drankus's complaint.

## CONCLUSION

¶9. The Sunflower County Circuit Court's order of dismissal is affirmed.

¶10. **AFFIRMED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., KITCHENS, KING, COLEMAN, MAXWELL AND CHAMBERLIN, JJ., CONCUR.**