# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00320-COA

**MICHAEL DRANKUS A/K/A MICHAEL F. DRANKUS A/K/A MICHAEL FREDERICK DRANKUS**                                                     APPELLANT

v.

**STATE OF MISSISSIPPI**                                                                              APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 02/09/2016 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | MICHAEL DRANKUS (PRO SE) |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: DARRELL C. BAUGHN ANTHONY LOUIS SCHMIDT JR. |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 04/11/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ISHEE AND GREENLEE, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.     Michael Drankus appeals the Harrison County Circuit Court's denial of his motion for postconviction relief (PCR). Finding the trial court correctly denied Drankus's motion, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     In 1987, Drankus was convicted of capital murder, robbery, and burglary of a dwelling. He was released on parole in 2001, but his parole was revoked in 2006 for

numerous violations. Drankus was again paroled in 2007, but he violated numerous parole conditions and was returned to the custody of the Mississippi Department of Corrections (MDOC) in 2012.

¶3. The Mississippi Parole Board (MPB) denied Drankus parole on April 29, 2015, and set his next parole hearing for April 30, 2018. Drankus filed a PCR motion claiming that he was entitled to a parole hearing at least every year pursuant to Mississippi Code Annotated section 47-7-18(6) (Rev. 2015); thus, the three-year set off[1] violated his constitutional and statutory rights. The trial court denied Drankus's motion, finding that it was a successive writ since Drankus had filed a prior PCR motion in 1996.[2] The trial court further stated that it did not have jurisdiction over parole matters.

¶4. Drankus now appeals, asserting that the trial court had jurisdiction to address the merits of his PCR motion.

## STANDARD OF REVIEW

¶5. When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if it is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012).

---

[1] "A 'set off' in parole terminology is the period of time an inmate who has been denied parole must wait before his parole is reconsidered." *Way v. Miller*, 919 So. 2d 1036, 1038 n.1 (Miss. Ct. App. 2005) (citation omitted).

[2] In an unpublished opinion, the Mississippi Supreme Court affirmed the trial court's decision to deny Drankus's request for relief. *Drankus v. State*, 691 So. 2d 1022 (Miss. 1996).

**DISCUSSION**

¶6. In 2014, the Legislature passed House Bill 585, which added and amended numerous provisions regarding sentencing and parole eligibility. *See* 2014 Miss. Laws ch. 457. These amendments went into effect on July 1, 2014. Section 47-7-18 is one of the newly added statutes and states, in part, "Any inmate not released at the time of the inmate's initial parole date shall have a parole hearing at least every year." Miss. Code Ann. § 47-7-18(6).

¶7. The Mississippi Supreme Court recently addressed this issue in *Drankus v. Mississippi Parole Board*, 2015-CP-01049-SCT, 2017 WL 449621 (Miss. Feb. 2, 2017). Drankus had filed a PCR motion in the Sunflower County Circuit Court raising a similar issue regarding his parole set-off date. The Sunflower County Circuit Court dismissed Drankus's motion for failure to state a claim upon which relief could be granted. *Id.* at *1 (¶1). The Mississippi Supreme Court affirmed the trial court's decision, finding that the trial court did not have "jurisdiction to hear an appeal of the parole board's decision to set off Drankus's next parole hearing for three years." *Id.* at *2 (¶7). *See also Cotton v. Miss. Parole Bd.*, 863 So. 2d 917, 921 (¶11) (Miss. 2003) (trial courts have no jurisdiction to grant or deny parole).

¶8. Regarding the recent amendments to the parole statutes, the supreme court further stated that "those amendments do not apply to prisoners like Drankus who were admitted prior to the amendments' effective date." *Drankus,* 2017 WL 449621, at *2 (¶7). *See Drankus v. Fisher*, 204 So. 3d 1232, 1236 (¶14) (Miss. 2016) (prisoners admitted to MDOC custody prior to July 1, 2014, were not entitled to a case plan under Mississippi Code Annotated section 47-7-3.1 (Rev. 2015)).

3

¶9.    Accordingly, we find the trial court properly denied Drankus's PCR motion.

**¶10.    THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT, DENYING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**