**IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI**

**NO. 2016-CA-00878-COA**

STATE OF MISSISSIPPI                                        APPELLANT

v.

JOE FRANK HARDIN A/K/A JOE HARDIN                          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/02/2016 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER JR. |
| COURT FROM WHICH APPEALED: | CHOCTAW COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DARRELL CLAYTON BAUGHN |
| | ANTHONY LOUIS SCHMIDT JR. |
| ATTORNEY FOR APPELLEE: | JOE FRANK HARDIN (PRO SE) |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND RENDERED: 08/15/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., FAIR AND GREENLEE, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.     In 1995, Joe Hardin was convicted of two counts of murder and sentenced to two consecutive life sentences.  In 2015, Hardin was denied parole, and the Mississippi Parole Board "set off"[1] his case for another hearing in three years.  Hardin then filed the instant motion for post-conviction relief, claiming that, under the 2014 amendments to Mississippi Code Annotated sections 47-7-3.1 and 47-7-18(6), he is entitled to an annual hearing and a case plan to identify corrective actions he needs to take to prepare him for parole.  The circuit

---

[1] "A 'set off' is the period of time an inmate who has been denied parole must wait before his parole is reconsidered." *Way v. Miller*, 919 So. 2d 1036, 1038 n.1 (Miss. Ct. App. 2005) (citation omitted).

court agreed with Hardin, and the State has appealed.[2]

¶2.     On appeal, the State contends that the circuit court should have dismissed Hardin's complaint, since the Mississippi Parole Board was not named as a party or served with process. We agree. As this Court has explained:

> [T]he lower court should have dismissed the case because of [the petitioner's] failure to include the Parole Board as a party to the complaint, which is in the nature of a civil suit and not a petition for post-conviction relief. In *McClurg* [*v. State*, 870 So. 2d 681, 682 (¶6) (Miss. Ct. App. 2004)], this Court found that the complaint of an inmate who filed an action regarding the calculation of his sentenced time to serve and parole eligibility was a civil action and not a petition for post-conviction relief, and therefore should have been "dismissed for failure to properly name and serve the actual parties in interest, namely the Parole Board and Department of Corrections." As in *McClurg*, the petition in the present case was filed only against the State of Mississippi, and not against the Department of Corrections or the Parole Board. Therefore, the circuit court should have dismissed the petition for . . . failure to file against the proper parties.

*Mack v. State*, 943 So. 2d 73, 75-76 (¶7) (Miss. Ct. App. 2006); *see also State v. Willard*, 217 So. 3d 779, 780 (¶4) (Miss. Ct. App. 2017).

¶3.     Moreover, when the circuit court decided this case on the merits, the Mississippi Supreme Court had not yet ruled on the issue. Since then, it has held that the 2014 amendments to the parole statute are not retroactive and thus do not apply to prisoners admitted prior to the amendment's effective date. *Fisher v. Drankus*, 204 So. 3d 1232, 1235-36 (¶¶7-14) (Miss. 2016). And since the 2014 amendments are not retroactive, they do not

---

[2] The circuit court rendered its decision prior to the Mississippi Supreme Court's decision in *Fisher v. Drankus*, 204 So. 3d 1232 (Miss. 2016), where it was held that the amended statute did not apply to prisoners convicted and sentenced prior to July 1, 2014.

create a liberty interest that permits circuit courts to exercise jurisdiction over what is effectively an appeal from the denial of parole. *Drankus v. Miss. Parole Bd.*, No. 2015-CP-01049-SCT, 2017 WL 449621, at *2 (Miss. Feb. 2, 2017). *See also Cotton v. Miss. Parole Bd.*, 863 So. 2d 917, 921 (¶11) (Miss. 2003) (trial courts have no jurisdiction to grant or deny parole). Hardin was therefore entitled to neither a modified set off date nor a case plan, as he was admitted to the custody of the Mississippi Department of Corrections long before the effective date of the 2014 amendments to the parole statute. *See Drankus v. State*, 215 So. 3d 1000, 1001 (¶¶7-8) (Miss. Ct. App. 2017).

¶4. We reverse the circuit court's judgment and render a dismissal for want of jurisdiction.

¶5. **REVERSED AND RENDERED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**