# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-01254-COA

**HERMAN BARNES**                                                                            **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                    **APPELLEE**

DATE OF JUDGMENT:                      05/10/2016
TRIAL JUDGE:                           HON. ANTHONY ALAN MOZINGO
COURT FROM WHICH APPEALED:             MARION COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:                HERMAN BARNES (PRO SE)
ATTORNEYS FOR APPELLEE:                OFFICE OF THE ATTORNEY GENERAL
                                       BY:  DARRELL CLAYTON BAUGHN
                                       ANTHONY LOUIS SCHMIDT JR.
NATURE OF THE CASE:                    CIVIL - POSTCONVICTION RELIEF
DISPOSITION:                           AFFIRMED - 08/22/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., BARNES AND CARLTON, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.     Herman Barnes filed a motion for postconviction relief (PCR) in the Marion County Circuit Court seeking relief from the Mississippi State Parole Board's decision to review his parole eligibility after four years, instead of once every year.  The circuit court dismissed Barnes's PCR motion for lack of jurisdiction.  Barnes filed a motion for reconsideration, which the circuit court subsequently denied.  Barnes now appeals, claiming that the Parole Board's decision violates Mississippi Code Annotated section 47-7-18(6) (Rev. 2015).  Finding no error, we affirm the circuit court's dismissal of Barnes's PCR motion.

**FACTS**

¶2.     On September 3, 1983, a Marion County jury convicted Barnes of capital murder, and the circuit court sentenced him to life in the custody of the Mississippi Department of Corrections (MDOC).  On November 14, 1983, a Marion County jury convicted Barnes of aggravated assault on a law-enforcement officer, and the circuit court sentenced Barnes to serve five years in the custody of the MDOC.  Then, on March 2, 1984, a Marion County jury convicted Barnes of an additional count of capital murder.[1]  The circuit court sentenced Barnes to a consecutive life term, with instructions that he serve his sentences in the following order:

> [Barnes] is to begin serving his sentence [for the 1984 capital-murder conviction] after the completion of his sentence imposed [for aggravated assault of a law-enforcement officer, . . .] and the [five-year] sentence [for aggravated assault of a law-enforcement officer] is to begin to run consecutive and after the completion of his sentence [for the 1983 capital-murder conviction].

Barnes is currently an inmate at the Central Mississippi Correctional Facility.

¶3.     During sentencing, the trial court set November 12, 2003, as Barnes's initial parole date.  The record reflects that the Parole Board denied Barnes parole on that date, as well as on two additional dates.  The record shows that following Barnes's most recent denial of parole on March 9, 2016, the Parole Board setoff Barnes's next parole-eligibility hearing for four years.

¶4.     On April 26, 2016, Barnes filed his PCR motion, alleging that he is entitled to a parole hearing at least "once per year"; therefore, Barnes argues the Parole Board possessed no authority to impose a four-year setoff.  On May 11, 2016, the circuit court dismissed Barnes's

---

[1] The record reflects that all three convictions stemmed from the same incident.

PCR motion for lack of jurisdiction. The circuit court explained:

> Barnes complains of the denial of parole. While decisions concerning parole eligibility may fall under the [Mississippi Uniform Post[]Conviction Collateral Relief Act (UPCCRA)], the denial of parole does not. Miss. Code Ann. § 99-39-5; *see Evans v. State*, [188 So. 3d 1256, 1262 (¶25) (Miss. Ct. App. 2016)].
>
> Additionally and alternatively, one interpretation of the relief Barnes seeks is injunctive relief. Under that interpretation, this Court would be the inappropriate venue for such a suit. Miss. Code Ann. § 11-11-3 (Rev. 2004).
>
> Finally, the court notes that it is not apparent from the information presented to the court that Barnes's next review by the Parole Board will occur in 4 years. Exhibit D, attached to Barnes's petition, is a sheet entitled "ACTION OF THE PAROLE BOARD."
>
> Exhibit D bears text reading: "[X] DENIED PAROLE CONTINUED ( ) Month(s); 4 ; ( ) Year(s): ( ) Duration." It is unclear whether the punctuation following the word "Month(s)" is a colon or a semicolon. Should it be a colon, then it appears to the court that Barnes would be eligible for his next hearing in four months, not four years.

¶5. On July 6, 2016, Barnes filed a motion for reconsideration, which the circuit court denied on July 15, 2016. In its order denying Barnes's motion for reconsideration, the circuit court provided that:

> [T]he Mississippi Supreme Court has held that decisions of parole matters are soundly within the discretion of the [P]arole [B]oard, and not the courts. *Vice v. State*, 679 So. 2d 205, 208 (Miss. 1996). Further, there is no liberty interest in parole that would implicate some form of judicial review. *Id*. (citations omitted). The Motion for Reconsideration is therefore denied.

¶6. On August 26, 2016, Barnes filed his appeal.

## STANDARD OF REVIEW

¶7. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the

3

trial court's legal conclusions under a de novo standard of review." *Lackaye v. State*, 166 So. 3d 560, 562 (¶5) (Miss. Ct. App. 2015).

## DISCUSSION

¶8. Barnes argues that the Parole Board's decision to deny parole and setoff his next parole-eligibility hearing for four years violated section 47-7-18(6).

¶9. Section 47-7-18(6) provides, in pertinent part, that:

> If the [Parole B]oard denies parole, the board may schedule a subsequent parole hearing and, if a new date is scheduled, the board shall identify the corrective action the inmate will need to take in order to be granted parole. *Any inmate not released at the time of the inmate's initial parole date shall have a parole hearing at least every year*.

¶10. In the recent and similar case of *Willard v. Mississippi State Parole Board*, 212 So. 3d 80, 83-84 (¶¶6, 14) (Miss. Ct. App. 2016), this Court explained that section 47-7-18 "became effective on July 1, 2014, with the passage of H.B. 585," which "amended the statutory law prohibiting parole eligibility." This Court determined that "the Legislature intended the statute to apply prospectively[.]" *Willard*, 212 So. 3d at 85 (¶17). As a result, this Court found that a petitioner is ineligible for parole under the provisions of section 47-7-18 if his conviction and sentence predate the effective date of that statute. *Willard*, 212 So. 3d at 86 at (¶18).

¶11. We further recognize that "the grant or denial of parole is entirely within the Parole Board's discretion, and the denial of parole is not subject to a statutory right of appeal." *Id.* at (¶19). In *Drankus v. Mississippi Parole Board*, No. 2015-CP-01049-SCT, 2017 WL 449621, at *1 (¶1) (Miss. Feb. 2, 2017), Michael Drankus argued that the "[P]arole [B]oard's

. . . decision to deny [him] parole and to 'setoff' his next parole hearing for three years[] violated Drankus's constitutional and statutory rights." The Mississippi Supreme Court held "the circuit court here has no jurisdiction to hear an appeal of the [P]arole [B]oard's decision to setoff Drankus's next parole hearing for three years." *Id*. at *2 (¶7). In explaining its decision, the *Drankus* court cited *Cotton v. Mississippi Parole Board*, 863 So. 2d 917, 920-21 (¶10) (Miss. 2003), stating "the circuit court had no authority to adjudicate the matters presented because there was no statutory mandate granting circuit courts jurisdiction over appeals concerning the denial of parole." *Drankus,* 2017 WL 449621, at *1 (¶6). *See also Drankus v. State*, 215 So. 3d 1000, 1001 (¶7) (Miss. Ct. App. 2017) (discussing the supreme court's decision in *Drankus*, 2017 WL 449621, at *1 (¶1)).

¶12. The *Drankus* court also held that "the recent amendments to Mississippi's parole statutes . . . do not apply to prisoners . . . who were admitted prior to the amendments' effective date." *Drankus*, 2017 WL 449621, at *2 (¶7); *see Fisher v. Drankus*, 204 So. 3d 1232, 1236 (¶13) (Miss. 2016) ("A statute will not be construed to be retroactive unless the words admit of no other construction or meaning, and there is a plain declaration in the act that it is."). The record herein reflects that Barnes received his convictions and sentences in 1983 and 1984, well before the July 1, 2014 enactment of section 47-7-18. As a result, we find that the provisions of this statute do not apply to Barnes.

¶13. After our review, we find no error in the circuit court's dismissal of Barnes's PCR motion for lack of jurisdiction.

¶14. **AFFIRMED.**

5

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**