# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00814-COA

**DONALD E. SMITH**                                                                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                              **APPELLEE**

DATE OF JUDGMENT:                     04/23/2018
TRIAL JUDGE:                                HON. ROBERT B. HELFRICH
COURT FROM WHICH APPEALED:      FORREST COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:           DONALD E. SMITH (PRO SE)
ATTORNEY FOR APPELLEE:             OFFICE OF THE ATTORNEY GENERAL
                                                     BY: DARRELL CLAYTON BAUGHN
NATURE OF THE CASE:                    CIVIL - OTHER
DISPOSITION:                                AFFIRMED - 07/23/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE CARLTON, P.J., GREENLEE AND McCARTY, JJ.

### McCARTY, J., FOR THE COURT:

¶1.     Donald Smith filed a motion in the Forest County Circuit Court for release from incarceration, believing he was eligible to be released on parole. The circuit court denied the request, finding that he had not served sufficient time. Although Smith is eligible for parole, it is beyond the reach of this Court to order his release. We affirm the circuit court's conclusion that the petition should be denied.

### FACTS AND PROCEDURAL HISTORY

¶2.     Smith is an inmate at the Central Mississippi Correctional Facility. His appeal today stems in part from a guilty plea made in 1973, when he admitted to committing murder, and in turn received a life sentence. He also pled guilty to robbery and kidnapping, adding forty-

five and thirty years to his life sentence. Forty years ago the Mississippi Supreme Court held that these sentences would be served consecutively, rebuffing Smith's request to serve them concurrently. *Smith v. State*, 477 So. 2d 259, 260 (Miss. 1985).

¶3. Before the end of the 1970s, Smith was also convicted for aggravated assault, adding two more years to run consecutively to his 1973 sentences; another instance of aggravated assault, with twenty more years; and two counts of aggravated assault, this time of police officers and with a weapon, each of which earned twenty more years of time.

¶4. In the past forty years Smith has filed multiple requests for legal relief in both the state and federal courts.[1] Over time his focus has shifted to parole. The appeal before us stems from a 2017 pleading in Forrest County styled a "Petition for Release under Mississippi Code Ann. § 47-5-139," a law that sets out the parameters of parole. Smith asked the circuit court "to enter an Order releasing him from incarceration" based upon his calculation that he was eligible for parole.

¶5. The circuit court denied the request, ruling that Smith "has not served the mandatory time required for parole eligibility for the conviction of murder, robbery or kidnaping," and determined that "by plain statutory language, Smith is not entitled to the relief he seeks . . . ." The circuit court denied a request to reconsider the ruling, and the case traveled to our Court

_____

[1] For a recount of the complete procedural history, see *Smith v. State*, 477 So. 2d 259 (Miss. 1985); *Smith v. State*, 572 So. 2d 1210 (Miss. 1990); *Smith v. Hargett*, No. 94-60764, 1995 WL 581995, at *1 (5th Cir. Sept. 28, 1995); *Smith v. State*, 730 So. 2d 567 (Miss. 1998); *Smith v. Roberts*, 726 So. 2d 593 (Miss. 1998); *Smith v. State*, 822 So. 2d 298 (Miss. Ct. App. 2001); *Smith v. Gambrell*, 108 F. App'x 218 (5th Cir. 2004); *Smith v. Gambrell*, 544 U.S. 1002 (2005); and *Smith v. State of Mississippi*, 118 So. 3d 180 (Miss. Ct. App. 2013).

for review. Although the petitioner is eligible for parole—a legal reality even the State concedes before us—we do not have the power to order his release from incarceration, as that is reserved to the Parole Board. Accordingly, we affirm for different reasons.

**DISCUSSION**

¶6. The relief Smith requested was for the Judiciary to order his release from incarceration based upon his parole eligibility. Yet it is the Parole Board, not the courts, that has exclusive authority over the grant or denial of parole. *Willard v. Miss. State Parole Bd.*, 212 So. 3d 80, 83 (¶10) (Miss. Ct. App. 2016). Our Legislature has vested the determination of the grant of parole with the Parole Board: "An offender shall be placed on parole only when . . . the board believes that he is able and willing to fulfill the obligations of a law-abiding citizen." Miss. Code Ann. § 47-7-17 (Rev. 2015).

¶7. The circuit court ruled that Smith was not yet eligible for parole. Under state law, Smith is eligible for parole. *See* Miss. Code Ann. § 47-7-3 (Rev. 2015). Indeed, in the State's responsive brief to this Court, the State agrees the petitioner is eligible—and has been for over a decade, stating that "[o]n December 12, 2008, Smith became eligible for parole . . . ." Decades ago the Fifth Circuit Court of Appeals affirmed a calculation of Smith's earliest parole eligibility date as 2009. *Smith v. Hargett*, No. 94-60764, 1995 WL 581995, at *1 (5th Cir. Sept. 28, 1995).

¶8. The record before us shows that Smith has even been reviewed for parole eligibility as recently as 2016. The Parole Board denied the request, and among its reasons for denial were the serious nature of the offenses, the sheer number of offenses committed, his history

3

of violence, and community opposition to the grant of parole. The Board did not mark any reasons favoring parole. In its denial, the Board also marked that it would consider parole for Smith in four years, which will be June 2020.[2]

¶9.    Eligibility for parole does not require the grant of parole. In our State, an inmate is not guaranteed parole, even when eligible. "Every prisoner who has been convicted of any offense against the State of Mississippi . . . *may* be released on parole." § 47-7-3(1) (emphasis added). "Parole eligibility is a matter of legislative grace . . . ." *Peterson v. State*, 119 So. 3d 1068, 1070 (¶5) (Miss. Ct. App. 2012). We have also ruled that "[P]risoners have no constitutionally recognized liberty interest in parole." *Id*. at (¶6). We deny the relief requested on these grounds.[3]

---

[2] Under current state law, "Any inmate not released at the time of the inmate's initial parole date shall have a parole hearing at least every year." Miss. Code Ann. § 47-7-18. Yet that version of the law was enacted in 2014, and it is not retroactively applied. *See Barnes v. State*, 226 So. 3d 130, 133 (¶12) (Miss. Ct. App. 2017) (finding that where a petitioner "received his convictions and sentences in 1983 and 1984, well before the July 1, 2014 enactment of section 47-7-18," then the requirement to have an annual parole hearing "do[es] not apply"). Furthermore, it is beyond the reach of the courts to force the Parole Board to set an earlier hearing. *See Drankus v. Miss. Parole Bd.*, 224 So. 3d 83, 85 (¶17) (Miss. 2017) ("[T]he circuit court here has no jurisdiction to hear an appeal of the parole board's decision to setoff [the petitioner's] next parole hearing for three years.").

[3] This is a single issue case, which we can resolve with review of a small handful of statutes and cases. Smith confined his appeal to one issue, which he styled "Whether [Smith] has served the mandatory time required for parole eligibility for the conviction of murder, robbery and kidnapping." In his properly compiled table of authorities, he cited one case, and two sections of the Code, and his whole brief—cover to certificate—is ten pages.

In response, the State filed a 50 page brief—our Rule's maximum—with fifteen separate grounds for denial. The State cites to 21 federal decisions, 89 state cases, 41 statutes, 12 rules, and, somehow, a volume on Mississippi Chancery Practice. Buried somewhere within was a responsive argument: the State's ninth subpart response finally addressed the core issue in this case, at page 32.

¶10. Although the circuit court dismissed Smith's petition on the basis that he was not eligible for parole, we have the authority to affirm a trial-level court when it reaches the correct result, even when that court's reasoning was incorrect. *Mack v. State*, 943 So. 2d 73, 76 (¶7) (Miss. Ct. App. 2006). That situation applies here. Although Smith is eligible for parole, that is a matter for the Parole Board, and the courts cannot order him to be released simply because he happens to be eligible.

¶11. **AFFIRMED.**

**CARLTON, P.J., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND C. WILSON, JJ., CONCUR. BARNES, C.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. J. WILSON, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**

---

One of the grounds for denial the State strongly urged was that this Court should refuse to accept Smith's brief due to an omission of the statement of assignment required under Mississippi Rules of Appellate Procedure 28(a)(4). Failure to include this element is not a basis for affirmance or reversal. While this is a mandatory element, it is for the Supreme Court's use in assignments based upon issues of first impression or those cases that must be retained by the Supreme Court by constitutional prerogative. The Clerk of Court strenuously endeavors to screen all briefs for compliance with Rule 28 and all other applicable rules. In the rare occasions a brief may not include all the required elements, it is the Court's prerogative to order further compliance, such as when a party has failed to make a request for oral argument.

In order to conserve the resources of this Court and the parties, and to promptly render a decision so that all will benefit, parties should always focus on the merits of the arguments presented.